IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-03153-01-CR-S-MDH |
| ) | |
| DONNA K. BELL, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's *Pro Se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Defendant was sentenced to 120 months imprisonment following a guilty plea for conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously-imposed sentence for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C.A. § 3582. In 2023, the Sentencing Commission promulgated Amendment 821, which, in relevant part, allows for a reduction in offense level for certain offenders who lack criminal history points at the time of sentencing. USSG § 4C1.1. Amendment 821 also downgraded by one point the number of criminal history points a defendant receives when the defendant commits the instant offense while under a criminal justice sentence. USSG § 4A1.1(e). As the Government points out, however, Defendant is ineligible for modification under either of these two provisions. Application of § 4A1.1(e) reduces Defendant's criminal history score from eleven to ten, but this does not impact Defendant's criminal history category or guidelines range. Further, because Defendant

received criminal history points at the time of her original sentencing, § 4C1.1 does not apply. For these reasons, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: June 26, 2024

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**